Case 4:16-cv-03696   Document 19   Filed on 07/24/17 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-3696 |
| | § | |
| IZALCO, INC., | § | |
| d/b/a REPUBLICA SPORTS BAR & GRILL, | § | |
| DAVID E. AGUILUZ, and | § | |
| TEODORO AGUILUZ, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court is Joe Hand Promotions, Inc.'s ("Joe Hand") motion to strike the defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f). Dkt. 16. Having considered the motion, complaint, and applicable law, the court is of the opinion that the motion should be GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

This case involves the alleged unlawful interception and exhibition of the *UFC 168: Wiedman v. Silva 2* ("UFC 168") broadcast at Republica Sports Bar & Grill ("Republica") in Houston, Texas on December 28, 2013. Dkts. 1, 16. Joe Hand claims it has the right to exclusive domestic commercial distribution for the mixed martial arts promotion company, the Ultimate Fighting Championship ("UFC"). Dkt. 1. Joe Hand agrees with bars and restaurants, in exchange for a fee, to allow the establishments to show the fights to patrons. *Id.* The *UFC 168* broadcast originated via satellite uplink, and was re-transmitted interstate to cable systems and satellite television companies. *Id.* Joe Hand argues that Izalco, Inc., David E. Aguiluz, and Teodoro Augiluz

(collectively, the "defendants") did not obtain a proper license or authorization to show *UFC 168* at Republica, but that they received or intercepted the broadcast "[b]y unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system." *Id.* Joe Hand alleges that the defendants then exhibited the program to patrons without an authorization or a license. Joe Hand brought this suit under 47 U.S.C. § 553 for the unauthorized reception of cable service and, alternatively, 47 U.S.C. § 605 for the unauthorized publication or use of communications.

The defendants asserted four affirmative defenses in their answer: (1) failure to state a claim, (2) failure to mitigate damages, (3) waiver, and (4) the reservation of the right to assert additional defenses. Dkt. 12. Joe Hand filed a motion to strike the defenses from the answer under Federal Rule of Civil Procedure 12(f). Joe Hand argues that the defendants' affirmative defenses are "legally insufficient and should be stricken from the record." Dkt. 16 at 1. The defendants did not respond.

## II. Legal Standard

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking a pleading "should be sparingly used by the courts. . . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *August v. Bd. of Pub. Instruction of Scambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). In addition, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Id.* at 868.

Nevertheless, "[s]triking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance(s)." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); *see Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999) (Rosenthal, J.). The rules require

more than mere legal plausibility. Under Rule 8(c), a defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)); *see, e.g., Tran v. Thai*, No. H-08-3650, 2010 WL 723633, *1 (S.D. Tex., Mar. 1, 2010) (Rosenthal, J.) (holding that no more stringent pleading standard applies to affirmative defenses than fair notice). Without notice, the affirmative defense risks prejudicial harm against the moving party. *Rogers*, 521 F.3d at 385. If, however, the defense is "sufficiently articulated . . . so that the plaintiff [is] not a victim of unfair surprise," then the fair notice requirement is met. *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993) (citing *Bull's Corner Rest. v. Dir., FEMA*, 259 F.2d 500, 502 (5th Cir. 1985)). In some instances, that means "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield,* 193 F.3d at 362 (noting, for example, that pleading "contributory negligence" without extensive factual allegations is sufficient).

A failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. Because the defendants have not responded to Joe Hand's motion to strike, the court will treat it as unopposed.

### III. ANALYSIS

Joe Hand moves to strike each of the defendants' affirmative defenses because they are devoid of factual support or are invalid as a matter of law. Fed. R. Civ. P. 12(f); Dkt. 16. The court will address each defense in turn.

A.     **Failure to state a claim for relief**

The defendants pled an affirmative defense of failure to state a claim upon which relief might be granted. Dkt. 12 at 2.

3

A 12(b)(6) motion for failure to state a claim may be raised in a responsive pleading, by a motion of judgment on the pleadings, or even at trial. Fed. R. Civ. P. 12(h)(2). So long as the affirmative defense avoids unfair surprise, a mere "technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983) (per curiam).

Because failure to state a claim is not technically an affirmative defense, Joe Hand argues that it should be stricken. Dkt. 16. Joe Hand argues that, "[f]ailure to state a claim for relief is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense." Dkt. 16, at 3 (citing *Joe Hand Promotions, Inc. v. Estrada*, No. 1:10-cv-02165-OWW-SKO, 2011 U.S. Dist. LEXIS 61010, at *5 (E.D. Cal. June 8, 2011)).

Failure to state a claim, though not technically an affirmative defense, may be treated as one. *See Lebouef v. Island Operating Co., Inc.*, 342 Fed. App'x. 983, 984–85 (5th Cir. 2009). Furthermore, striking the defense from the defendants' answer would be pointless because Joe Hand is not at risk of prejudicial harm. *See Brown & Williamson*, 201 F.2d at 822. The defense raises no risk of unfair surprise because Joe Hand has sufficient notice of what an assertion of failure to state a claim requires of the plaintiff—"that the 'plain statement' possess[es] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955 (2007) (citing Fed. R. Civ. P. 8(a)(2)); *see Rogers*, 521 F.3d at 385.

Accordingly, the motion to strike the failure to state a claim for relief defense is DENIED.

**B.     Failure to mitigate damages**

The defendants pled an affirmative defense of failure to mitigate damages. Dkt. 12 at 2.

A party may choose to recover either actual or statutory damages for the unauthorized reception of cable service or the unauthorized publication or use of communications. 47 U.S.C. §§ 553(c)(3)(A); 605(e)(3)(C) (2015). In general, a failure-to-mitigate defense is inapplicable where

a party seeks only statutory damages. *See, e.g., J&J Sports Productions, Inc. v. Willie Ray's Private Room, Inc.*, No. 3:16-CV-1206-D, 2017 WL 514422, at *2-3 (N.D. Tex. Feb. 8, 2017) (holding failure to mitigate defense inapplicable to claims for statutory damages under 47 U.S.C. §§ 553 and 605).

Joe Hand argues that its exclusive pursuit of statutory damages under 47 U.S.C. §§ 553 and 605 invalidates a failure-to-mitigate defense as a matter of law. Dkt. 16 at 4. The court agrees. Even though Joe Hand seeks costs and attorney's fees, it does so only to the extent it is entitled to recover under the statutory damages provisions in 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii). Dkt. 16 at 5. The defense cannot succeed under any set of facts, so the defense may be stricken. *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013).

The motion to strike the failure to mitigate damages affirmative defense is GRANTED.

**C.     Waiver**

The defendants pled an affirmative defense of waiver. Dkt. 12 at 2.

Waiver is the "intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it." *Watkins v. Fly*, 136 F.2d 578, 579 (5th Cir. 1943) (per curiam) (citing *Bennecke v. Conn. Mut. Life Ins. Co.*, 105 U.S. 355, 359 (1881)). It is a broad defense and requires "factual particularity" to set out the nature of the waiver at play in a given case. *Rogers*, 521 F.3d at 385. In other words, this is not an affirmative defense in which the mere naming of the defense is sufficient. *See Woodfield*, 193 F.3d at 362.

Joe Hand argues that the waiver defense did not provide it with fair notice. Dkt. 16 at 5. Here, the defendants did not allege what right Joe Hand waived or how it affects the claim. Defendants have only said, the "[p]laintiff's claim is barred in whole or in part because of waiver." *Id.* This is a fair target for a motion to strike because the defense is insufficiently articulated and

5

risks unfair surprise against Joe Hand. *See Woodfield*, 193 F.3d at 362. The court finds that the defendants have not pled this defense with any specificity or factual particularity whatsoever. *See Rogers*, 521 F.3d at 385. Additionally, a party may not plead a defense for which there is no good faith factual basis. Fed. R. Civ. P. 11(b)(3). The court concludes that the defense is impermissible for its failure to provide fair notice.

Given the waiver defense's vagueness, the motion to strike is GRANTED, without prejudice to the defendants' right to seek leave to amend their answer.

### D.  Reservation of right to assert additional defenses

Lastly, the defendants pled an affirmative defense of the reservation of the right to assert unnamed future defenses. Dkt. 12 at 2.

A party cannot reserve the right to assert other affirmative defenses in the future. Rather, for a defendant to add an affirmative defense, the defendant must amend its pleadings in accordance with Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. Rule 15; *see Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765 (5th Cir. 1999).

Joe Hand argues that the reservation is neither an affirmative defense in itself nor can defendants decide to assert further affirmative defenses at any time. Dkt. 16 at 6 (citing *Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009)); *But see Solis v. Bruister*, No. 4:10cv77-DPJ-FKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) (deciding not to strike a reservation of rights defense because defendants concede they are bound by requirements of the Federal Rules of Civil Procedure). The court agrees, denying the motion to strike here would be tantamount to denying Joe Hand fair notice of the defenses against it. Unnamed future defenses are, by definition, beyond the cognizance of the opposing party, because they are devoid of any articulation at all. *See Woodfield*, 193 F.3d at 362.

The motion to strike the reservation of rights to assert additional defenses is therefore GRANTED.

### IV. CONCLUSION

Joe Hand's motion to strike affirmative defenses (Dkt. 16) is GRANTED IN PART with respect to the failure to mitigate defense, the waiver defense, and the reservation of rights. The failure to mitigate defense and the reservation of rights defense are DISMISSED WITH PREJUDICE. The waiver defense is DISMISSED WITHOUT PREJUDICE. The court therefore GRANTS leave to amend only the waiver defense. The defendants' counsel shall file an amended answer within twenty (20) days of the date of this order.

Joe Hand's motion to strike affirmative defenses is DENIED IN PART with respect to the failure to state a claim defense.

It is so ORDERED.

Signed at Houston, Texas on July 24, 2017.

_____
Gray H. Miller
United States District Judge