UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-16-3696 |
| § | |
| IZALCO, INC., § | |
| d/b/a REPUBLICA SPORTS BAR & GRILL, § | |
| DAVID E. AGUILUZ, and § | |
| TEODORO AGUILUZ, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Joe Hand Promotions, Inc.'s ("Joe Hand") motion for summary judgment. Dkt. 20. Defendants Izalco, Inc., David Aguiluz, and Teodoro Aguiluz ("Defendants") did not respond. Having considered the motion, the record evidence, and the applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

This case involves the exhibition of *Ultimate Fighting Championship 168: Wiedman v. Silva 2* ("UFC 168"). Dkt. 1. On December 28, 2013, Defendants broadcasted UFC 168 at Republica Sports Bar & Grill ("Republica") in Houston, Texas. Dkt. 20 at 6. Joe Hand bought the exclusive commercial exhibition rights to UFC 168. Dkt. 21-2 at 2. To exhibit UFC 168, a commercial establishment needed to obtain a valid license agreement with and pay a licensing fee to Joe Hand. *Id.* at 2, 3.

On December 28, 2013, Izalco conducted business as Republica. Dkt. 21-1 at 7; Dkt. 22-1 at 2. David and Teodoro Aguiluz owned and operated the restaurant. Dkt. 22-1 at 7, 12. Without

obtaining a valid license or paying a licensing fee, Defendants broadcasted UFC 168 at Republica. *Id.* at 3, 8, 13.

Joe Hand sued Defendants alleging that they violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553[1] or 605[2] ("FCA"), by unlawfully intercepting the interstate communication of UFC 168 and exhibiting it to Republica patrons without paying the required fee. Dkt. 1.

On June 1, 2017, Joe Hand served Defendants with requests for admissions. Dkt. 22-1. Defendants failed to respond. In the instant motion, Joe Hand asks the court to grant summary judgment on its § 605 claim. Dkt. 20. Joe Hand seeks statutory damages, additional damages, attorneys' fees, costs of court, and post-judgment interest. *Id.*

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets

---

[1] 47 U.S.C. § 553 provides:
> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

[2] 47 U.S.C. § 605 provides:
> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

**A.     Liability Under § 605**

Joe Hand has a private right of action to obtain statutory damages under § 605 because it had proprietary rights to exhibit UFC 168. *See* 47 U.S.C. § 605(d)(6), (e)(3)(C)(ii). Section 605 is a strict liability statute and only applies to unauthorized interceptions of signals through radio or satellite. *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. March 26, 2014); *see also J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351 (5th Cir. 2014). To establish liability under § 605, Joe Hand must show that (1) UFC 168 was exhibited at Republica and (2) that Joe Hand did not authorize that particular exhibition. *J&J Sports Prods., Inc. v. Little Napoli, Inc.*, No. H-13-1237, 2014 WL 3667903, at *2 (S.D. Tex. July 22, 2014); *Joe Hand Promotions, Inc., v. Lee*, No. H-11-2904, 2012 WL 1909348, at *3 (S.D. Tex. May 24, 2012).

To date, Defendants have not responded to Joe Hand's requests for admissions. Thus, the admissions will be deemed admitted as a matter of law. Fed. R. Civ. P. 36(a)(3); *see also Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 2008) ("[A] matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). Thus, Izalco admits that it intercepted and exhibited UFC 168 at Republica. Dkt. 22-1 at 3, 8, 13. Izalco also admits that it was unauthorized to exhibit UFC 168. *Id.* Therefore, because UFC 168 was exhibited at Republica without Joe Hand's authorization, Izalco is liable under § 605.

3

Courts have also interpreted § 605 to hold an individual liable if the individual had: (1) the right and ability to supervise the unauthorized activities of the establishment in those activities and (2) a direct financial interest in those activities. *Little Napoli, Inc.*, 2014 WL 3667903, at *2. Here, David and Teodoro Aguiluz admit that they had a right and the ability to supervise the exhibition of UFC 168 at Republica. Dkt. 22-1 at 7, 12. Both also admit to having a financial interest in the exhibition. *Id.* Therefore, because the Aguiluzes supervised the exhibition of UFC 168 and had a direct financial interest in its showing, they are individually liable under § 605.

Because Defendants failed to respond to Joe Hand's motion or raise a genuine issue of material fact, Joe Hand's motion for summary judgment is GRANTED.

**B.     Damages**

Joe Hand asks the court to award: (1) statutory damages in the amount of $10,000; (2) additional damages in the amount of $50,000; (3) attorneys' fees in the amount of $4,675.00; (4) costs of court; and (5) post-judgment interest. Dkt. 20.

Section 605 provides a minimum award of $1,000 and a maximum award of $10,000 for statutory damages. 47 U.S.C. § 605(e)(3)(c)(i)(II). Additionally, if the court finds that the defendant acted willfully and for the purpose of private financial gain, the court may increase the damages by no more than $100,000. *Id.* § 605(e)(3)(c)(ii).

To compensate Joe Hand for the violation of § 605, the court finds that a statutory award of $5,000 is appropriate. Joe Hand produced evidence that it would have charged a Republica-sized establishment $1,200 to exhibit UFC 168. *See* Dkt. 21-5 (the capacity of the establishment is approximately 150 people); *see also* Dkt. 21-4 (advertising a charge of $1,200 for a venue seating 101-150 people). An additional $3,800 is reasonable for statutory damages to deter future violations.

*See Little Napoli, Inc.*, 2014 WL 3667903, at *3 (awarding $3,800 to deter future violations of § 605). Thus, the court GRANTS Joe Hand $5,000 in statutory damages.

This case warrants an award of additional damages because Defendants, in receiving the unauthorized satellite signal and displaying UFC 168, acted willfully and for the purposes of private financial gain. Dkt. 22-1 at 3–4, 8–9, 12–13. The court finds that an award of additional damages equivalent to double statutory damages is appropriate. *See Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) ("Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize defendants for willful acts."), *aff'd*, 544 F. App'x 444 (5th Cir. 2013) (per curiam). Therefore, the court GRANTS Joe hand $10,000 in additional damages.

Because Defendants are liable under § 605, Defendants must also compensate Joe Hand for its reasonable attorneys' fees. 47 U.S.C. § 605(e)(3)(B)(iii). Joe Hand seeks attorneys' fees in the amount of $4,675. Dkt. 22-2 at 3, 5. Jamie King spent 18.7 hours working on this case at $250 per hour. Dkt. 22-2 at 2. The court finds that an hourly rate of $250 is reasonable in this case. Therefore, the court AWARDS $4,675 in attorneys' fees. Also, Joe Hand asks the court to award conditional attorneys' fees for the occurrence of specific events.[3] Dkt. 22-2 at 5. Defendants are unopposed to Joe Hand's request. S.D. Tex. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition."). Thus, the court agrees with Joe Hand that it should receive conditional attorneys' fees.

---

[3] Joe Hand moves for an award of: (1) $2,500 for collection of the judgment rendered in this case, should Joe Hand obtain a writ of execution, writ of garnishment, writ of attachment, or other process; (2) $5,000 in the event any defendant files a post-judgment or pre-appeal motion; and (3) $15,000 in the event any defendant files an appeal to the Fifth Circuit.

Joe Hand is entitled to recover damages against Defendants as detailed above, plus post-judgment interest at a rate of 1.755% per annum.[4] 28 U.S.C. § 1961. Finally, Joe Hand is entitled to costs. 47 U.S.C. § 605(e)(3)(B)(iii); Fed. R. Civ. P. 54(d). Joe Hand must file a bill of costs within fourteen days of the entry of final judgment. S.D. Tex. L.R. 54.2.

### III. Conclusion

The court finds that Joe Hand has provided sufficient summary judgment evidence to conclusively prove Defendants' liability under § 605 of the FCA and that Defendants failed to demonstrate an issue of material fact to preclude summary judgment. Accordingly, Joe Hand's motion for summary judgment (Dkt. 20) is GRANTED. The court will issue a separate final judgment consistent with this order.

Signed at Houston, Texas on January 4, 2018.

_____
Gray H. Miller
United States District Judge

---

[4] This rate is equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the week ending December 29, 2017. *See* 28 U.S.C. § 1961(a) (specifying the source of the prevailing federal judgment interest rate). The weekly average is posted by the Federal Reserve Board of Governors at https://www.federalreserve.gov/releases/h15/.